UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Respondent,

v.                                      Case No. 12-cv-20617
                                       Hon. Patrick J. Duggan

ALVIN J. TURNER,
        Movant.
_____/

FILED AUG 31 2015 CLERK'S OFFICE DETROIT

## MOTION TO ALTER OR AMEND A JUDGMENT

   **NOW COMES,** Alvin J. Turner, proceeding <u>pro se</u> Movant, moving this Honorable Court pursuant to Fed. R. Civ. P. 59 (e), respectfully requesting that this Court **GRANT** Rule 59 (e) motion based upon the foregoing:

**1.** On December 24, 2014, Movant Turner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 was filed with this Honorable Court. (ECF No. 25.)

**2.** On January 15, 2015, this Honorable Court issued a Show Cause Order in which this Court ordered the government's Response Brief to Movant Turner's § 2255 Petition and the government's Response Brief was due by February 13, 2015.

**3.** On February 13, 2015, the government filed their Response Brief to Movant Turner's § 2255 Petition. (ECF No. 29.)

**4.** On March 04, 2015, Movant Turner filed his <u>pro se</u> Motion To Amend In Relation-Back To Original 2255 Petition, (ECF No. 30.); and

on March 04, 2015, Movant Turner filed his <u>pro se</u> Motion To Expand The Scope Of 2255 Proceedings Record. (ECF No. 31.)

## TIMELINESS OF RULE 59 (e) MOTION

**5.** Movant Turner contends that this Honorable Court denied his <u>pro se</u> § 2255 motion on August 4, 2015, see (ECF 32.), having 28 days to file a timely Motion To Alter Or Amend A Judgment, see Keeley v. Grider, 2014 U.S. App. LEXIS 21096 (6th Cir. 2014), having until September 1, 2015, to file a timely Rule 59 (e) motion, thus Mr. Turner's Motion To Alter Or Amend A Judgment is in fact being timely filed in the case at bar.

## VIABLE CLAIMS PURSUANT TO RULE 59 (e)

**6.** A motion to alter or amend judgment under Rule 59 (e) may be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005).

## THE DISTRICT COURT'S CLEAR ERROR OF LAW

**7.** Movant Turner argues firmly that this Honorable Court committed clear error of law when this Court denied Issue Four of Turner's § 2255 motion in which is outlined on page 25-27, of this Court's Opinion denying Turner's § 2255 motion, however clear error of law was rendered by the failure of this Court undergo upon the record the two prongs outlined under Hill v. Lockhart, 474 U.S. 52 (1985).

Movant Turner argues firmly that when you analysis the two prongs of Hill v. Lockhart, it is evident that Movant Turner's claim is meritorious. (emphasis added).

<u>First</u>, Movant Turner argued that Attorney Swor provided him with 'deficient performance' by failing to object to several Rule 11 vio-

lations in which this Court agreed that two Rule 11 violations did in fact occur- the Court failed to comply with substantial compliance of Rule 11 (b) (1) (L); and Rule 11 (b) (1) (H), which are direct consequences of guilty plea, thus is required by the Due Process Clause of the U.S. Constitution. See North Carolina v. Alford, 400 U.S. 25 (1970) (The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives). Therefore, Attorney Swor provided 'deficient performance' by failing to object to the Rule 11 violations during Rule 11 Plea Colloquy. See United States v. Sanclemente-Bejarano, 861 F.2d at 210 (The Ninth Circuit Court of Appeals held that this exchange did not satisfy Rule 11 because "the court did not inform [defendant] of the provision, nor did it ask him if he understood the meaning of supervised release or its effect."). Moreover, the Rule 11 Plea Colloquy clearly reflects that this Court did not inquiry in **open court** as to whether Movant Turner reviewed the plea agreement and discussed its terms with Attorney Swor, therefore the failure to ensure that Turner understood the meaning of supervised release and its effect essentially since he entered a **binding** plea agreement to **180 months** certainly was the maximum Turner could receive, thus counsel's failure to object to the Court's Rule 11 violations constitutes 'deficient performance' under Hill, 474 U.S. at 59 (1985).

   Actual Prejudice exist by Turner's ex-lawyer Attorney Swor's deficient performance in failing to object to several Rule 11 violations as reflected by Turner's sworn affidavit at pg. 4 of 5 he swears and declare under penalties of perjury that but for the errors of counsel, he would not have pled guilty and would have

proceeded to trial. Hill, 474 U.S. at 59, 106 S. Ct. at 370. The Sixth Circuit Court of Appeals has held that "a defendant's own self-serving affidavit that he would have not pleaded guilty, however insisted on going to trial is sufficient to establish actual prejudice in this circuit. See United States v. Smith, 348 F.3d at 552 (6th Cir. 2003).

Therefore, Movant Turner argues firmly that this Court committed clear error by relying upon an erroneous standard of law and the record does not "conclusively" demonstrate "strategic reasons" for counsel's failure to object to Rule 11 violations, thus in light of such this Court entertaining a motion under 28 U.S.C. § 2255 **must** hold an evidentiary hearing. See U.S. v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); U.S. v. Briggs, 939 F.2d 222, 228 (5th Cir. 1991); and Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of claim).

## CLEAR ERROR OF LAW # TWO

**8.** Movant Turner argues firmly that this Honorable Court committed clear error of law when this Court denied Issue One of Turner's § 2255 motion in which is outlined on page 16-20, of this Court's Opinion denying Turner's § 2255 motion, however clear error of law was rendered by this Court's failure to consider Michigan Rules of Professional Conduct (MRPC) _1.7 (b)_ and NACDL Ethics Advisory Committee Formal Opinion 12-02 (October 2012), which states in relevant part as follows: It is the opinion of the NACDL Ethics Advisory Commi-

ttee that, aside from whether the courts might approve such waivers, the rules of professional ethics prohibit a criminal defense lawyer from signing a plea agreement limiting the client's ability to claim ineffective assistance of counsel. The lawyer has a conflict of interest in agreeing to such a provision because it becomes a prospective limiting of liability. Therefore, the lawyer is duty-bound to object to portions of a plea agreement that limit 2255 claims and refuse to assent to such an agreement with such language in it. See Exhibit A (A copy NACDL Ethics Advisory Committee Formal Opinion 12-02 (October 2012), at page 1-2).

Therefore, Movant Turner argues firmly that Attorney Swor and Mr. Turner signed the government's plea agreement on **September 12, 2013,** see page 10, of Turner's Plea Agreement, see Exhibit B, at Para. # 7 Waiver Of Appeal it states that Defendant waives any right he may have to appeal his conviction and if the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. See Exhibit B (A copy of Alvin J. Turner's Plea Agreement at page 1, page 7, page 8, and page 10, signed on 9/12/13).

Movant Turner argues firmly that this Honorable Court must conduct an prompt evidentiary hearing as Mr. Turner has presented a viable Conflict of Interest claim, see **Strickland,** 466 U.S. at 688 ("Prevailing norms of practices reflected in American Bar Association standards and the like... are guides to determining what is reasonable [for purposes of evaluating effective assistance of counsel], but they are only guides."), Movant Turner must be given the opportunity to **fully develop** his meritorious claim of a violation of his Sixth Amendment Rights because Attorney Swor had a conflict of interest, thus this

Honorable Court must conduct a prompt evidentiary hearing as the motion and the files and records of the case **does not** conclusively show, however demonstrates that Movant Turner is in fact entitled to relief as to Issue One in the case herein. See <u>Arredondo</u>, 178 F.3d at 782 (6th Cir. 1999) (A § 2255 petitioner is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 (b). The hearing is mandatory "unless the record conclusively shows that the petitioner is entitled to no relief.").

In conclusion, Movant Turner concludes that this Honorable Court should **CORRECT** the clear error of law rendered in the case herein and **ORDER** a prompt evidentiary hearing to be held promptly in the case at bar.

## CLEAR ERROR OF LAW # THREE

**9.** Movant Turner argues firmly that this Honorable Court committed clear error of law when this Court denied Issue Three of Turner's § 2255 motion in which is outlined on page 20-24, of this Court's Opinion denying Turner's § 2255 motion, however clear error of law was rendered by this Honorable Court **incorrectly deciding the facts** in which was disclosed in Turner's sworn affidavit at page 2 # 7, which clearly states that he was actually seized for Fourth Amendment purposes at **11:26 a.m.** when the DEA Task Force pulled Turner & his friend over, thus as quoted by Mr. Turner within his sworn affidavit **more than 6 hours elasped** in which he was in custody, see sworn affidavit at page 2 # 8, therefore because Mr. Turner was in the custody and control of the DEA Task Force for 6 hrs. and 4 mins. he does in fact possess the protections outlined in <u>**McNabb-Mallory Rule**</u>, thus a prompt evidentiary hearing must be conducted as Mr.

Turner presents a viable claim that all of his statements should be suppressed and his conviction was obtained in clear violations of the procedural safeguards which are required under the **McNabb-Mallory Rule.** See McNabb, 318 U.S. at 347.

In conclusion, Movant Turner concludes that this Honorable Court must conduct an prompt evidentiary hearing to **CORRECT** the clear error of law committed by this Court in the matter herein.

## FINAL CONCLUSION

Movant Turner, concludes that this Honorable Court **must** not loose focus upon the U.S. Supreme Court's duty upon a court where the the Supreme Court in Harris v. Nelson, 394 U.S. at 292 (1969), held that there is **no higher duty of a court**, under our constitutional system, than the careful processing and adjudication of petitions for writs of habeas corpus, for it is such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his lawful confinement and that he is deprived of his freedom contrary to law. Therefore, Movant Turner **urges** this Court to honor it's oath of office under 28 U.S.C. 453, to **administer JUSTICE**, thus a prompt evidentiary hearing must be conducted to the three meritorious claims above herein in which an clear error of law exist in the matter herein.

Respectfully Submitted,

Date: 08 / 26 / 15

x /s/ Alvin Turner
Mr. Alvin J. Turner
#29561-044
FCI-Milan
P.O. Box 1000
Milan, MI. 48160

## Certificate of Service

I, Alvin J. Turner, certify that on __August__, __26th__, 2015, I mailed by First Class U.S. Mail the original copy of my pro se Motion To Alter Or Amend A Judgment to this Honorable Court and one copy to the opposing party listed below herein:

AUSA Hala Y. Jarbou
U.S. Attorney's Office
211 W. Fort Street
Ste. 2100
Detroit, MI. 48226-3220


Date: 08 / 26 / 15                         /s/ _Alvin Turner_____
                                             Mr. Alvin J. Turner
                                             pro se Movant

EXHIBIT A (A copy of NACDL Ethics Advisory Committee Formal Opinion 12-02 (October 2012), at page 1-2).

# NACDL Ethics Advisory Committee
## Formal Opinion 12-02 (October 2012)

**Question Presented:**

NACDL's Ethics Advisory Committee, as well as the Strike Force and other committees, have again[1] received several queries regarding a requirement in some federal plea agreements that bar collateral attacks on convictions under 28 U.S.C. § 2255. The question presented is whether it is ethical for a criminal defense lawyer to participate in such a plea agreement.

We have determined that it is not. We also believe that prosecutors may not ethically propose or require such a waiver.

***Digest:***

Case law has split on this issue with the weight of authority sustaining such waivers in general, but not where the client seeks to set aside his or her conviction by claiming that the plea itself was induced by ineffective assistance. NACDL issued an informal opinion in 2003 that counseled against defense counsel participating in 2255 waivers. Since then, several states ethics opinions have discussed the implications of defense counsel agreeing to a waiver of an ineffective assistance claim as a general waiver of rights in a plea agreement. They all agree that defense counsel has a conflict of interest in participating in a 2255 waiver. Some even find that prosecutors also have a conflict of interest in such waivers.

It is the opinion of the NACDL Ethics Advisory Committee that, aside from whether the courts might approve such waivers, the rules of professional ethics prohibit a criminal defense lawyer from signing a plea agreement limiting the client's ability to claim ineffective assistance of counsel. The lawyer has a conflict of interest in agreeing to such a provision because it becomes a prospective limiting of liability. Therefore, the lawyer is duty-bound to object to portions of a plea agreement that limit 2255 claims and refuse to assent to such an agreement with such language in it.

***Ethical Rules, Statutes, and Constitutional Provisions Involved:***

Model Rules of Professional Conduct, Rules 1.7(a)(2), 1.8(h)(1), 8.4(a), 8.4(d)
Code of Professional Responsibility, DR 5-101(A), DR 6-102(A)
U.S. Const., Fifth, Sixth, and Fourteenth Amendments

---

[1] NACDL issued Proposed Opinion 03-02 (February 2003) dealing with this issue, and it was debated before the Board and deferred. The issue has arisen again.

1

***Opinion:***

### I. Introduction

For many years, federal plea agreements have included waivers of the right to appeal and collateral acts. Common language is as follows:

> The defendant hereby expressly waives the right to appeal his conviction and sentence, including, but not limited to, any appeal right conferred by Title 18, United States Code, Section 3742. The defendant further agrees not to contest his conviction or sentence in any post-conviction proceeding, *including, but not limited to, a proceeding under Title 28 United States Code, Section 2255.* The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the guidelines range deemed most applicable by the sentencing court. (emphasis added)

The specific inquiries from NACDL members concern whether signing off on such a plea agreement violates professional ethics. The NACDL Ethics Advisory Committee believes that it violates professional ethics as well as defense counsel's constitutional duty to provide unconflicted representation. Accordingly, defense counsel has a duty to object to any waiver of potential ineffective assistance claims in a plea agreement. We also believe that prosecuting attorneys have an ethical duty not to propose such agreements.

### II. Waivers in the Federal Courts

Case law on waivers of collateral attack in plea agreements have been sustained, with limitations. One group of cases finds no problem with such waivers, as long as they do not bar 2255 claims attacking the underlying plea.[2] Typical is *Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192, 195-96 (2d Cir. 2002):

---

[2] See, e.g., *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001); *United States v. Thomas*, 49 Fed. Appx. 781 (10th Cir. 2002); *United States v. Broughton*, 288 F.3d 1183 (10th Cir. 2002); *United States v. Broughton*, 71 F.3d 1143, 1147 (4th Cir. 1995); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993); *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995); *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (see also note 4, infra).

EXHIBIT B (A copy of Alvin J. Turner's Plea Agreement at page 1, page 7, page 8, and page 10, signed on 9/12/13).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-CR-20617 |
| Plaintiff, | HON. Patrick J. Duggan |
| -vs- | **OFFENSES:**<br>I:  21 U.S.C. §§ 841(a)(1) & 846 |
| D-1, ALVIN JULIAN TURNER | **MAXIMUM PENALTY:**<br>I:  10 Years to Life |
| Defendant.<br>_____/ | **MAXIMUM FINE:**<br>I: $10,000,000 |
| | **SUPERVISED RELEASE:**<br>I:  5 Years to Life |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant ALVIN JULIAN TURNER and the government agree as follows:

1. **GUILTY PLEA**

    A.  **Count of Conviction**

    Defendant will enter a plea of guilty to **Count One** of the Indictment, which charges defendant with Conspiracy to Possess with the Intent to Distribute and to Distribute Cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.  In consideration for this guilty plea and for other consideration, the defendant

charges in this case.

6.     EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. **The government may withdraw from this agreement if any of the additional conditions set forth in the introductory paragraph on page one of this agreement are not met (specifically, if this Court imposes a sentence below 180 months (15 years) or the defendant requests such a sentence).**

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.     WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B

the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates,

11. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on 9/10/2013**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____
DAWN N. ISON
CHIEF, DRUG TASK FORCE UNIT
ASSISTANT UNITED STATES ATTORNEY

_____
HALA Y. JARBOU
ASSISTANT UNITED STATES ATTORNEY

DATE: 9/9/2013

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
WILLIAM SWOR
ATTORNEY FOR DEFENDANT

_____
ALVIN JULIAN TURNER
DEFENDANT

DATE: 9/12/13

Mr. Alvin J. Tu
Federal Correct
P.O. Box 1000
Milan, MI. 48160



Metroplex MI 480 ZIP
FRI 28 AUG 2015  AM

RECEIVED
AUG 31 2015
CLERK'S OFFICE
DETROIT

Clerk of the Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Fifth Floor
Detroit, MI. 48226