UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALVIN J. TURNER

    Defendant.
_____/

Case No. 12-cv-20617
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PETITIONER'S RULE 59(e) MOTION TO AMEND OR ALTER JUDGMENT AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Alvin Turner ("Petitioner"), a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan, filed a pro se motion seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his plea-based conviction for conspiracy to possess with intent to distribute and to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In an Opinion and Order dated August 4, 2015, this Court denied Petitioner's § 2255 motion, rejecting each of the claimed legal violations asserted therein. The Court entered judgment on the same date. Presently before the Court is Petitioner's timely-filed motion to alter or amend judgment. (ECF No. 36.) For

the reasons stated herein, the Court will deny Petitioner's motion and will further decline to issue a certificate of appealability.

## I.     BACKGROUND

The facts of Petitioner's case are adequately set forth in the Court's August 4, 2015 Opinion and Order, and need not be rehashed here. In his § 2255 motion, Petitioner challenged the validity of his plea-based conviction on the following grounds:

  I.    His guilty plea was coerced and tainted by the Government's threat to file a recidivism sentence enhancement pursuant to 21 U.S.C. § 851;

  II.   His counsel rendered constitutionally-ineffective assistance in myriad of ways, specifically:

   a. counsel failed to seek enforcement of an Attorney General issued memorandum on the subject of federal sentence enhancement practices;

   b. counsel created a conflict of interest by advising Turner to accept a collateral attack waiver in his plea;

   c. counsel failed to object to violations of the *McNabb-Mallory* rule and the Speedy Trial Act, 18 U.S.C. § 3161; and

   d. counsel failed to object to several reversible Rule 11 violations that occurred during Turner's plea hearing.

The Court addressed and rejected each claim in its August 4, 2015 Opinion and Order. Petitioner now seeks an order altering or amending the judgment rejecting his claims and dismissing his § 2255 motion pursuant to Federal Rule of Civil

Procedure 59(e). Upon an order issued by this Court, the United States filed a response in opposition to Petitioner's Rule 59(e) motion. (ECF No. 38.)

## II. GOVERNING LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits motions to alter or amend judgment. "Relief under Rule 59(e) is available to correct a clear error of law, on the basis of newly discovered evidence or an intervening change in the law, or to prevent manifest injustice." *Ogden v. Fortress Grp. U.S.*, 550 F. App'x 283, 284 (6th Cir. 2014) (unpublished) (citing *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

## III. ANALYSIS

In the present motion, Petitioner contends that the Court made three distinct errors entitling him to relief, or at minimum, an evidentiary hearing so that he may develop the factual bases for his claims. First, Petitioner contends that the Court committed a clear legal error when it denied his claim that his attorney rendered deficient performance when he failed to object to omissions made by this Court during Petitioner's Federal Rule of Criminal Procedure 11 plea colloquy. Second, Petitioner maintains that this Court committed error when it rejected his conflict-of-interest ineffective-assistance claim. Third, and lastly, Petitioner argues that the Court erred in concluding that the *McNabb-Mallory* rule did not protect him, as he

asserts that his affidavit conclusively establishes that he was in custody for purposes of this rule for six hours and four minutes.

Before the Court proceeds to analyze the merits of Petitioner's claims using the restrictive scope of review set forth in Rule 59(e), the Court feels compelled to address the Government's response to Petitioner's motion. In opposing Petitioner's request for relief, the Government suggests that the instant motion should be denied on the basis that it constitutes an impermissible second or successive habeas petition. (Gov't's Resp. 6 ("Lacking any precertification from the Court of Appeals, the petitioner is [] barred from filing this motion.").) This argument is wholly lacking in merit, as the Government seems to misapprehend that Petitioner is not seeking to *amend* any claims previously asserted or to *add* any additional claims. Although the Government has correctly cited precedent suggesting that the amendment of claims set forth in a § 2255 motion post-judgment would be improper pursuant to the general rule prohibiting successive habeas petitions, this precedent is entirely irrelevant in the case at bar. Petitioner is permitted to seek judicial review of his petition pursuant to Rule 59(e), and the Government has not cited any authority to the contrary.

Despite the erroneous position taken by the Government, Petitioner is not entitled to the relief he seeks. The Court turns now to the three claims presented in Petitioner's pending motion.

4

**A.      The Court Did Not Commit a Clear Error of Law in Rejecting Petitioner's Rule 11-Based Ineffective-Assistance Claim.**

Petitioner contends that his attorney performed deficiently during Petitioner's plea colloquy by failing to object to this Court's failure to apprise Petitioner that he faced a five-year term of supervised release in addition to the fifteen-year sentence the parties agreed to in the plea agreement.  This Court previously rejected this argument, noting that there were several potential reasons that counsel may have not objected.  It bears noting that although any revocation of Petitioner's supervised release could result in a twenty-year sentence (the sentence that would have been mandated had the Government filed a § 851 enhancement), the plea agreement, which Petitioner signed, explicitly provided that "[t]he agreement concerning imprisonment . . . does not apply to any term of imprisonment that results from any later revocation of supervised release."  (Plea Ag. 6.)  Further, the agreement explicitly provided that the Court was required to "impose a term of supervised release . . . of no less than 5 years to Life."  (*Id.* at 6-7.)  Further still, the plea agreement provided:

> By signing below, Defendant acknowledges that he has read . . . this entire document, understands it, and agrees to its terms.  He also acknowledges that he is satisfied with his attorney's advice and representation.  Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

(*Id.* at 10.) Based on this language, the Court is unable to conclude that Petitioner's counsel performed deficiently by failing to object to the omission of the term of supervised release during the plea colloquy. Relief is not warranted on this claim.

**B.  The Court Did Not Commit a Clear Error of Law in Rejecting Petitioner's Conflict-of-Interest Ineffective-Assistance Claim.**

In his second claim, Petitioner suggests that this Court committed a legal error when it rejected his conflict-of-interest ineffective-assistance claim. Petitioner's § 2255 motion asserted that his counsel performed deficiently by advising Petitioner to sign a Rule 11 plea agreement containing appellate and collateral attack waivers, and that this advice created an inherent conflict of interest. According to Petitioner, it is unethical for counsel to advise a client to enter into a contract that restricts his ability to challenge the advice later. The Court rejected this claim, concluding that it was unsupported by the case law and by the facts of this case. Petitioner urges the Court to reconsider its previous ruling, pointing to this Court's failure to consider the Michigan Rules of Professional Conduct and an opinion issued by the National Association of Criminal Defense Lawyers ("NACDL") as supporting his claim. The Court, however, committed no error in rejecting this claim, and the authority Petitioner urges this Court to consider is not binding on it.

### C.   The Court Did Not Commit a Clear Error of Law in Rejecting Petitioner's *McNabb-Mallory*-Based Ineffective-Assistance Claim.

In his final argument in support of his Rule 59(e) motion, Petitioner argues that this Court committed a clear error of law when it rejected his claim that his attorney was ineffective for failing to object to a violation of what has become known as the *McNabb-Mallory* rule.[1]  Without delving too deeply into the mechanics of the rule itself, the Court notes that the rule "generally render[s] inadmissible confessions made during periods of detention that violat[e] the prompt presentment requirement of Rule 5(a)."[2]  *United States v. Alvarez-Sanchez*, 511 U.S. 350, 354, 114 S. Ct. 1599, 1602 (1994); *Corley v. United States*, 556 U.S. 303, 306, 129 S. Ct. 1558, 1562 (2009) ("[A]n arrested person's confession is inadmissible if given after an unreasonable delay in bringing him before a judge.").

In its August 4, 2015 Opinion and Order, the Court rejected this claim, noting that Petitioner had overlooked 18 U.S.C. § 3501(c), which provides:

> [A] confession made or given by a person . . . while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, *shall not* be inadmissible solely

---

[1] "In *McNabb*, the Supreme Court established an exclusionary remedy for confessions taken in violation of the common-law prompt-presentment requirement; the Court reaffirmed its *McNabb* holding in *Mallory*." *United States v. McDowell,* 687 F.3d 904, 908 (7th Cir. 2012).  Thus, the rule became known as *McNabb-Mallory*.

[2] Rule 5(a) provides: "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . . unless a statute provides otherwise." Fed. R. Crim. P. 5(a).

7

> because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily . . . and if such confession was made or given by such person *within six hours* immediately following his arrest or other detention . . . .

The Court explained that Petitioner "was arrested at approximately 11:30 AM and was released at approximately 5:30 PM." It further noted that "[a]fter being taken into custody, law enforcement officials advised Turner of his *Miranda* rights, which he waived prior to giving a confession. His confession fell within the six-hour period permitted by statute." Petitioner challenges this Court's determination that he was detained for six hours, pointing to the fact that he averred that he was in detention for six hours and four minutes. This argument misses the mark for the reasons explained below.

First, the Court's determination is not a legal one, and therefore, does not fall within the category of a clear error of law such that it could sustain his Rule 59(e) motion. Second, and perhaps of greater import, the Court rejected Petitioner's *McNabb-Mallory* ineffective-assistance claim for an additional reason which Petitioner does not challenge here. In its previous Opinion and Order, the Court explained that Petitioner signed a waiver of appearance (waiving his right to appear before a magistrate judge) at 2:32 PM, approximately three hours after his arrest. By waiving his right to prompt presentment, Petitioner relinquished the protections of *McNabb-Mallory* and § 3501(c), including any exclusionary remedy

8

for violations thereof. *United States v. McDowell*, 687 F.3d 904, 910-911 (7th Cir. 2012) ("Where the defendant waives his Rule 5(a) right, there is no reason for judicial inquiry into whether the delay in presentment was unreasonable or unnecessary under § 3501(c) and *McNabb-Mallory*."). Based on this rule of law, a rule Petitioner has not challenged, the Court concluded that Petitioner's counsel was not ineffective, as counsel cannot render deficient performance by failing to raise a meritless objection. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). Having failed to raise an argument undercutting the alternative justification for this Court's denial of relief, the Court concludes that relief is not warranted on this claim.

### IV. CERTIFICATE OF APPEALABILITY

When a district court enters a final order adverse to a § 2255 movant, it must issue or deny a certificate of appealability. Because the Court has denied the claims presented in Turner's § 2255 motion, it must make a determination as to whether a certificate of appealability is justified. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a) of the Rules Governing Section 2255 Proceedings. The Supreme Court has stated that in order to establish entitlement to

a certificate of appealability in regard to § 2255, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks and citation omitted). The Court does not believe that reasonable jurists would find the Court's assessment of the merits of Petitioner's claims debatable or wrong. Accordingly, a certificate of appealability shall not issue.

## V. CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that Turner is not entitled to the relief he seeks in his Rule 59(e) motion.

Accordingly,

**IT IS ORDERED** that Petitioner's Rule 59(e) motion to alter or amend judgment (ECF No. 36) is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**.

Dated: October 28, 2015

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:

**Alvin Julian Turner**, 29561-044
Milan Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Milan, MI 48160

**William W. Swor, Esq.**
**Hala Y. Jarbou, AUSA**