UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ALVIN JULIAN TURNER,

    Defendant-Petitioner.

_____/

CRIMINAL NO. 12-20617

HON. STEPHEN J. MURPHY

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

**Procedural Background**

On September 12, 2013, Defendant-Petitioner Alvin Turner pleaded guilty to Conspiracy to Distribute 10 kilograms of Cocaine in violation of 21 U.S.C. § 846. By virtue of Turner's prior felony drug conviction, Turner was subject to a mandatory minimum 20 year prison sentence. However, under the terms of his Rule 11 Plea Agreement, the government and Turner mutually agreed to a sentence of 180 months. (R. 20: Rule 11 Plea Agreement ¶ 1A, Pg ID 40-41). This was possible because the government agreed not to enhance Turner's sentence with his prior conviction. (*Id.* at Pg ID 41) Turner specifically promised to "recommend and seek a sentence of no less than 180 months." (*Id.*) On December 17, 2013, the Honorable Patrick J. Duggan accepted the plea agreement and sentenced Turner

to 180 months' imprisonment.  (R. 22: Judgment, Pg ID 59-63)

On November 14, 2016, Turner filed a motion seeking to reduce his sentence by virtue of an amendment to the sentencing guideline applicable to drug offenses. On September 7, 2017, this Court entered an order denying the motion and Turner appealed.  Turner argued on appeal that this Court's order denying the motion did not provide sufficient explanation to permit effective appellate review.  The government agreed that it would be helpful to have a full exposition of the reasons relied upon by this Court in denying the motion in order for the government to make an effective defense of this Court's decision on appeal, and moved for a remand for this purpose.  On February 15, 2018, the Sixth Circuit remanded the case so this Court "may provide an explanation of its reasons for refusing to reduce Turner's sentence."  The Sixth Circuit made no suggestion that the denial of Turner's motion was erroneous.

## Discussion

This Court should find that the sentencing guidelines range applicable to Turner is the mandatory minimum 120 months and issue a new order denying his motion with a full explanation of the reasons for doing so.  The Sixth Circuit has held that district court "must provide some explanation for decisions under § 3582(c)(2)."  *United States v. Howard,* 644 F.3d 455, 460 (6th Cir. 2011).  Section

3582 does not create a right to a reduced sentence or "a full resentencing of the defendant." *United States v. Curry,* 606 F.3d 323, 330 (6th Cir. 2010). Rather, it merely requires the district court to consider the 18 U.S.C. § 3553(a) factors, the sentencing guidelines, and the arguments of the parties. *United States v. Hunnicutt,* 64 Fed. Appx. 521, 523-24 (6th Cir. 2016)(unpublished). The district court may also consider the "post-sentencing conduct of the defendant." *Curry,* 606 F.3d at 330 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)).

The government has already conceded that the Court possesses the jurisdiction and discretion to consider Turner's motion, but maintains that Turner is not deserving of such discretion for the following reasons. First, Turner was subject to a mandatory minimum of 20 years' imprisonment. Had the government not given Turner a 60 month break in the plea agreement but instead insisted on the 20 year minimum, this Court would presently be without jurisdiction to even consider Turner's motion. *See* U.S. Sentencing Guideline § 1B1.10, comment. n.1 (A) (section 3582 does not authorize reduction where amendment does not change guideline range because of the operation of a statutory mandatory minimum term of imprisonment); *United States v. Mills,* 613 F.3d 1070, 1078 (11th Cir. 2012)("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable

3

Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum.") He should not now receive an additional reduction in his sentence, which is only possible because the government and the Court showed him leniency in the first place.

Second, not only did Turner have a prior felony drug conviction, he committed his first drug felony while on probation for another offense. (Presentence Report ¶ 38) Having served a 120 month federal custodial sentence for this, he then proceeded to violate his supervised release by absconding and not reporting as required to probation. (Presentence Report ¶ 39) His involvement in the cocaine conspiracy for which Judge Duggan sentenced him, was a second and independent violation of supervised release. (*Id.*) Thus, Alvin Turner has already demonstrated that a 120 month stint in federal prison and the threat of more while on supervised release was not enough to dissuade him from the drug trafficking world. Moreover, Turner cannot behave himself even when incarcerated. He has been disciplined by the BOP for assault (twice), for possessing a dangerous tool, and for attempting to destroy evidence. (Defendant's Exhibit 1 at pp. 3-4). This appears to have been from two separate incidents based upon the report numbers – 2833445 and 2833440.

Turner mentions his wife and children as reasons he is deserving of lenient treatment by this Court, but just the opposite is true. In addition to 120 months of

custody behind him, even a new pregnant wife was not sufficient motivation to deter his continued drug trafficking. Turner has demonstrated to the Court that the only thing that will prevent him from engaging in criminal activity is actual incarceration: probation meant nothing to him; the threat of incarceration was insufficient; the ten year experience of incarceration did not work; supervised release was not the answer; and having a wife and children depending on him had no effect. As the Court can see from the presentence report, since the age of 17, Turner has continuously violated the law save for the periods he has been imprisoned.

## Conclusion

Therefore, this Court should deny Turner's motion to reduce his sentence.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/ *Kenneth R. Chadwell*
KENNETH R. CHADWELL P39121
Assistant U.S. Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9698
ken.chadwell@usdoj.gov

Dated: March 8, 2018

5

**Certificate of Service**

I certify that on March 8, 2018, I electronically filed this response for the United States with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties or their counsel of record.

<em>s/ Kenneth R. Chadwell</em><br>
KENNETH R. CHADWELL<br>
Assistant United States Attorney<br>
211 West Fort Street, Suite 2001<br>
Detroit, Michigan 48226<br>
313-226-9698<br>
ken.chadwell@usdoj.gov